IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2:13-cv-00852-SLB-JEO |
| | ) |
| JEFFERSON COUNTY SHERIFF, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

The magistrate judge filed a report and recommendation on June 10, 2015, recommending that the defendants' motion for summary judgment on the plaintiff's claims against them in their official capacities for monetary relief be granted.  (Doc. 24).  The magistrate judge further recommended that the defendants' motion for summary judgment on the plaintiff's Fourth and Fourteenth Amendment excessive force and failure to protect claims be denied.  (*Id*.).  Lastly, the magistrate judge recommended that the plaintiff's motion for summary judgment be denied.  (*Id*.).  The parties were allowed fourteen (14) days in which to file written objections to the magistrate judge's recommendations. (*Id*.). On July 6, 2015, the defendants filed objections to the magistrate judge's report and recommendation.  (Doc. 27).

In their objections, the defendants argue that the plaintiff failed to comply with the magistrate judge's order advising him that he may not rely on his pleadings but must come forward with counter-affidavits and/or documents in opposition to the defendants' motion for summary judgment.  (Doc. 27 at 1-2). The defendants contend that the plaintiff, instead, relied solely on the allegations in his pleadings and the magistrate judge erroneously used such allegations to determine there was a dispute of material fact.[1]  (*Id*. at 2).

The Eleventh Circuit Court of Appeals has expressly instructed lower courts to credit "specific facts" pled in a plaintiff's sworn complaint when considering the plaintiff's opposition to summary judgment.  *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014) ("We also credit the 'specific facts' pled in plaintiff Caldwell's sworn complaint when considering his opposition to summary judgment.") (citing *Perry v. Thompson*, 786 F.2d 1093, 1095 (11th Cir. 1986) ("Plaintiff alleged specific facts in his sworn complaint and they were required to be considered in their sworn form.")); *Moulds v. Bullard*, 345 F. App'x 387, 391 (11th Cir. 2009) ("[S]pecific facts pled in a sworn complaint must be considered in opposition to summary judgment.") (citing *Perry*, 786 F.2d at 1095); *Shaw v.*

---

[1]  The plaintiff filed a response to the defendants' motion for summary judgment in which he repeated the allegations set forth in his amended complaint.  (Doc. 21).  However, the response was not made in affidavit form and was not made under penalty of perjury.  (*Id*.).

*Cowart*, 300 F. App'x 640, 645 (11th Cir. 2008) ("Facts alleged by the plaintiff in a sworn pleading" must be considered in opposition to summary judgment)). However, sworn statements must be made on personal knowledge, and statements based in part upon information and belief cannot raise a genuine issue of fact. *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir. 2002).

The plaintiff's amended complaint is signed and dated by him and states that it is made under penalty of perjury. (Doc. 7 at 4). Therefore, the plaintiff's amended complaint complies with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration under penalty of perjury that may be considered as evidence for purposes of summary judgment.[2] Based on the foregoing, it was not error for the magistrate judge to refer to the plaintiff's amended complaint when determining that a dispute of material fact exists for purposes of summary judgment. As such, the defendants' objection to the magistrate judge's report and recommendation on such grounds is **OVERRULED**.

Next, the defendants argue that the magistrate judge's report and recommendation "seems to ignore the **undisputed** fact that Smith **admitted** that he did **not** have any serious illness or injury immediately after his arrest and during his

---

[2] Pursuant to 28 U.S.C. § 1746, an unsworn declaration may be given the same force and effect as an affidavit if it is signed and dated and includes language in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)."

booking." (Doc. 27 at 3) (emphasis in original). The magistrate judge correctly noted that the plaintiff does not dispute that he denied any serious injury at all when he arrived at the Jefferson County Jail following the alleged assault. (Doc. 24 at 19). The magistrate judge further found no medical evidence in the record to corroborate the plaintiff's claims that he sustained "trauma to his kidneys," permanent loss of function in his shoulder, bicep, or back muscles, blackouts, or eye trauma. (Doc. 7 at 5). Nevertheless, the plaintiff submitted pictures and medical documents which note that he sustained multiple abrasions on his face and arms following his arrest. (Doc. 14-7 at 2; Doc. 16 at 25).

    The extent of injury suffered is only one factor to determining whether the force used was unreasonable. *See Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (applying same rationale to Fourth Amendment excessive force case as used in actions brought under Eighth Amendment where an individual who is gratuitously beaten by officers does not lose his ability to pursue an excessive force claim merely because he does not suffer serious injury). Moreover, a plaintiff claiming excessive force under the Fourth Amendment can seek nominal damages if he does not have compensable injuries. *Id*. The defendants' objections to the magistrate judge's report and recommendation on the basis that the plaintiff did not suffer a serious injury is **OVERRULED**.

A genuine dispute of material fact exists concerning "the need for the application of force, . . . the relationship between the need and amount of force used, and . . . the extent of the injury inflicted," *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002), concerning Defendants Leon, Scott, Sanders, and Watts's alleged use of force against the plaintiff during his arrest on November 8, 2011. Similarly, a genuine dispute of material fact exists whether Defendant Hughes used unnecessary or excessive force against the plaintiff while in the booking area's holding cell in violation of the Fourteenth Amendment.[3] Moreover, the defendants are not

---

[3] The plaintiff was a pre-trial detainee when he alleges Defendant Hughes assaulted him. Therefore, the magistrate judge correctly analyzed the plaintiff's Fourteenth Amendment excessive force claim against Defendant Hughes under the same standard as that used in an Eighth Amendment excessive force claim based on Eleventh Circuit precedent. *See Daniel v. U.S. Marshal Serv.*, 188 Fed. App'x 954, 961-62 (11th Cir. 2006); *see also Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir. 2005) (citing *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996)).

On June 22, 2015, the United States Supreme Court decided in *Kingsley v. Hendrickson, et al.* that a pretrial detainee proceeding under 42 U.S.C. § 1983 must show that the force used was objectively unreasonable rather than maliciously or sadistically under the Eighth Amendment. 2015 WL 2473447, - - - S. Ct. - - - -, at * 5-9 (2015). However, this does not change the outcome of the plaintiff's excessive force claim against Defendant Hughes. The plaintiff contends that while he was being booked into the Jail, Defendant Hughes struck him in the head twice, threw him on the concrete and tile floor, causing the plaintiff to strike his head on the floor and knock him unconscious. (Doc. 7 at 5-6). Next, the plaintiff claims Defendant Hughes dragged him out of the holding cell and out of the camera's range. (*Id.*). The plaintiff alleges he sustained "lacerations" to his back. (Doc. 7 at 6). Viewing the facts in a light most favorable to the plaintiff, there is no indication of a need for any force against the plaintiff and Defendant Hughes's actions were unprovoked and unnecessary and, therefore, objectively unreasonable. On the other hand, Defendant Hughes maintains that he was not even at the Jail at the time of the alleged assault. (Doc. 14-8, Hughes Aff. ¶ 6). Therefore, there is a genuine dispute of material fact which the court cannot reconcile on a motion for summary judgment.

entitled to qualified immunity at this juncture because the plaintiff has sufficiently alleged that they violated constitutional rights which were clearly established prior to the alleged acts.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**.  The defendants' motion for summary judgment is **GRANTED** in part and **DENIED** in part as follows:

1. Defendants' motion for summary judgment is **GRANTED** on the plaintiff's claims against them in their official capacities for monetary relief;

2. Defendants' motion for summary judgment is **DENIED** on the plaintiff's Fourth Amendment excessive force and failure to protects claims against Defendants Leon, Scott, Sanders, and Watts;

3. Defendants' motion for summary judgment is **DENIED** on the plaintiff's Fourteenth Amendment excessive force claim against Defendant Hughes; and

4. Defendants' motion for summary judgment is **DENIED** on the plaintiff's Fourth and Fourteenth Amendment excessive force and failure to protect claims on the basis of qualified immunity.

Additionally, the plaintiff's motion for summary judgment is **DENIED**.

Defendants Leon, Scott, Sanders, Watts, and Hughes are hereby **ORDERED** to file an answer within twenty (20) days of the entry date of this order.

**DONE** this 25th day of August, 2015.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE